# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 28, 2015

Lyle W. Cayce
Clerk

No. 15-50449
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BERNARDO MACIAS-ORTIZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:14-CR-2363-1

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Bernardo Macias-Ortiz argues that the 46-month within-guidelines sentence imposed by the district court following his guilty plea convictions for attempted illegal reentry and improper use of another's passport was greater than necessary to meet the goals of 18 U.S.C. § 3553(a), including adequate deterrence, that U.S.S.G. § 2L1.2 is not empirically based, that § 2L1.2 double-counted his criminal history, and that the 16-level enhancement for his prior

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

burglary conviction was too severe.  He further asserts that his illegal reentry did not pose a danger to others.  Finally, he argues that the advisory guidelines range does not reflect his cultural assimilation.

Because Macias-Ortiz objected to the reasonableness of the sentence based on the grounds of cultural assimilation and the lack of an empirical basis in § 2L1.2 in the district court, he preserved these issues for appellate review. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  Although he did not assert the other grounds he now raises, we will review the sentence for reasonableness under an abuse-of-discretion standard because his within-guidelines sentence can be affirmed under either a plain-error or an abuse-of-discretion standard of review.

Although Macias-Ortiz argues that this court should not apply the presumption of reasonableness because § 2L1.2 lacks an empirical basis, he concedes that this argument is foreclosed by this court's precedent.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366 (5th Cir. 2009).  We have rejected the argument that § 2L1.2 improperly double counts prior convictions. *See id.* at 366-67; *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). Further, we have rejected the argument that § 2L1.2 overstates the seriousness of the offense.  *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).

After considering Macias-Ortiz's arguments and the PSR, the district court determined that a sentence within the advisory guidelines range was reasonable based on his previous criminal history.  The within-guidelines sentence is entitled to a presumption of reasonableness.  *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).  His argument that the sentence is greater than necessary to meet the goals of § 3553(a) amounts to a disagreement with the district court's balancing of the sentencing factors, and

No. 15-50449

we will not reweigh those factors. *See Gall v. United States*, 552 U.S. 38, 51-52 (2007). His benign motive for returning to this country is insufficient to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). His cultural assimilation argument is also insufficient. *See id.*; *United States v. Rodriguez*, 660 F.3d 231, 234-35 (5th Cir. 2011). Because Macias-Ortiz has failed to demonstrate that the district court did not consider a factor that should have received significant weight, gave significant weight to a factor it should have discounted, or made a clear error of judgment when it balanced the relevant factors, he has not rebutted the presumption of reasonableness. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.